**In re VLADIC CORPORATION, Debtor.**

**Bankruptcy No. 583–00120–11.**

United States Bankruptcy Court,
N.D. Texas,
Lubbock Division.

March 13, 1989.

John L. Smaha & Associates, San Diego, Cal.,

Rosa R. Orenstein, Gardere & Wynne, Lubbock, Tex., for Trustee.

Walter C. Kellogg, Trustee–in–Bankruptcy, Amarillo, Tex., Trustee.

U.S. Dept. of Justice, Dallas, Tex., U.S. Trustee.

## MEMORANDUM OF OPINION ON AMENDED APPLICATION OF GORMAN & SMAHA AND JOHN L. SMAHA & ASSOCIATES FOR FINAL ALLOWANCE OF ATTORNEY'S FEES AND COSTS FOR SERVICES RENDERED

JOHN C. AKARD, Bankruptcy Judge.

On December 8, 1988, Gorman & Smaha and John L. Smaha & Associates filed their Application for Final Allowance of Attorney's Fees and Costs for Services Rendered in the captioned proceeding. An amended application was filed on December 27, 1988. The amended application is the same as the application filed on December 8, 1988, ex-

cept that notice and an opportunity for a hearing was given to creditors and parties in interest. No objections to the amended application have been filed.

### Background

By order dated February 17, 1984, Waggoner Carr (Carr) was appointed attorney for Vladic Corporation as Debtor–in–Possession, succeeding Thomas J. Griffith. By order dated January 13, 1986, the Court ordered the appointment of a Trustee in this case. That order terminated the Debtor's status as Debtor–in–Possession, and consequently terminated Carr's employment as attorney for the Debtor–in–Possession, but specifically ordered the Trustee to employ Carr and John L. Smaha (Smaha) as special counsel to continue to litigate the civil action styled "Vladic Corporation v. J. Frank Gray, et al." in the United States District Court for the Northern District of Texas, Lubbock Division.[1] A joint notice and application for leave to compromise controversies with respect to that suit was filed on April 1, 1986, and the Court approved the compromise after a hearing held on April 22, 1986.

Carr filed an Application for Allowance of Attorney's Fees and Expenses for the period January 11, 1984 through October, 1986, in which he requested fees of $146,523.75 and expenses of $5,121.60. Smaha filed an Application for Allowance of Attorney's Fees and Expenses for the period March, 1984, through April, 1986, in which he requested fees of $51,973.45 and expenses of $8,689.72. In a Memorandum of Opinion and Order dated October 9, 1987, this Court allowed Carr $86,000.00 and Smaha $31,850.00 as attorney's fees for representing the Debtor–in–Possession and authorized the Trustee–in–Bankruptcy to reimburse them for most of the expenses claimed. The balance of their requests were allowed to be paid following full payment of all claims in the case and before any residue is returned to the Debtor.

1. On April 7, 1986, an order was entered authorizing the Trustee to employ Gardere & Wynne

as his attorneys nunc pro tunc to January 13, 1986.

Smaha's amended application seeks on behalf of Gorman & Smaha for the period May, 1986 through June, 1987, attorney's fees in the amount of $13,365.75 and costs of $2,353.86 and on behalf of John L. Smaha & Associates in December of 1988, for the preparation of the fee application attorney's fees of $330.00 and costs of $150.00.

## DISCUSSION

The firm of Gorman & Smaha and John L. Smaha were never authorized to represent this Debtor generally in these bankruptcy proceedings. Their only employment was in connection with the above described suit in the United States District Court for the Northern District of Texas. Those services terminated with the Bankruptcy Court's approval of the compromise on April 22, 1986. For this reason alone the amended application should be denied.

The Trustee was appointed in January, 1986. The Trustee took possession of the Debtor corporation and there would be no reason for the corporation to have separate counsel following the appointment of a trustee. In order for services to be compensated as administrative expenses of this estate, they must reflect some benefit to the estate. The amended application, including the documentation attached thereto, does not reflect any benefit to this estate; in fact they indicate services for the personal benefit of Mr. Vladic rather than for the benefit of the Debtor corporation. For this reason, the amended application should be denied.

ORDER ACCORDINGLY.